Battle,
 
 J.
 

 The evidence relied on by the plaintiff, to take his case out of the operation of the statute of limitations, was, in our opinion, entirely insufficient for that purpose. The plaintiff’s counsel contends strenuously, that the remittance of the draft by the defendant was in part payment of his account, which implied a promise to pay the balance of it;
 
 Smith
 
 v.
 
 Leeper,
 
 10 Ire. Rep. 86. Unfortunately for the argument, there is not the slightest testimony to show whether the draft was sent as a full, or only a partial payment of what the defendant owed the plaintiff. If the letter, in which the remittance was enclosed, had been exhibited on the trial, it might have removed the difficulty; but, in its absence, we cannot presume that a paid, and not a full payment was intended.
 

 The counsel then insists that the statute of limitations did not apply at all, because, as he alleges, the account was a continuing one from its commencement until its close, with a credit given for the proceeds of the draft. The decisive answer to this is, that there must be mutual accounts between the parties, or an account of the mutual dealings kept by one, only, with the knowledge and concurrence of the other, to make an item within time have the effect of preventing the
 
 *387
 
 application of the statute;
 
 Green
 
 v.
 
 Caldcleugh,
 
 1 Dev. and Bat. Rep. 320. Here, there were no mutual accounts kept by the parties, and there was no proof that the defendant entrusted the plaintiff to keep such an one.
 

 The rule which appears from
 
 McNaughton
 
 v.
 
 Norris, 1
 
 Hay. Rep. 216, and some others of the earlier cases, to have prevailed in this State, to wit, that the statute of limitations runs only from the date of the last item, when an account has been running on from its first commencement, has been long since exploded. See
 
 Green
 
 v
 
 Caldcleugh ubi supra,
 
 and
 
 Waldo
 
 v.
 
 Jolly,
 
 4 Jones’ Rep. 173.
 

 Per Curiam, Judgment affirmed.